## J. T. CROCKER et al. v. CARRIE CROCKER et al.

Western Section. March 7, 1930.

Petition for Certiorari denied by Supreme Court, June 28, 1930.

Ed. Smith, of Milan, for appellee.

J. R. Rhodes, of Milan, guardian ad litem, and Maddox & Maddox, of Huntingdon, for appellant.

OWEN, J. The defendants have appealed from a decree of the Chancery Court of Carroll County which decree established the last will and testament of H. J. Crocker, Sr. The bill was filed by certain children and grand-children of H. J. Crocker, Sr., against the widow of H. J. Crocker, Sr., and certain children of the defendant, Carrie Crocker. H. J. Crocker, Sr., was a man of about seventy-six years of age.

It was alleged that on the second day of April, 1926, H. J. Crocker, Sr., executed his last will and testament in which will he disposed of all his property. In August, 1926, he executed a codicil to said will whereby he changed one item of his will. He died about one week after the execution of said codicil which was the latter part of August, 1926. On the 20th day of September, 1926, the bill in the instant case was filed. It was alleged that the testator named two of his sons, John Crocker and James Crocker, as executors. A copy of said will was set out in the bill. It was alleged that this copy was procured from certain data and notes that the draftsman had before him when he drew the will and also drew the codicil. It was alleged that shortly after the execution of the codicil the defendant, Carrie Crocker, the wife of H. J. Crocker, burned and destroyed his last will and testament; that she burned this will willfully and designingly; that H. J. Crocker had not revoked his last will and testament and that he died believing said will that he had executed and the codicil thereto was in full force and believing that he was dying testate. Complainants prayed that said will, as set forth in the bill and the codicil, be decreed the last will and testament of H. J. Crocker. H. J. Crocker had been married twice, he left six children or representatives of children by each marriage. The defendants are his widow and children by his last marriage. The defendants filed a demurrer to this bill, this demurrer was overruled. It appears that the defendants had filed a bill in the County Court shortly after the death of H. J. Crocker in which the widow sought homestead and dower and the heirs and her children sought partition of their father's lands. The bill in the instant case sought to enjoin suit pending in the County Court. In their answer filed March 1, 1927, the defendants who answered denied that H. J. Crocker made his will on the 2d day of April, 1926, or at any other time; they denied that H. J. Crocker ever executed a codicil; they denied that they aided, assisted or abetted in the destruction of the will and codicil of H. J. Crocker or that they fraudulently, willfully or wrongfully destroyed said will and codicil. They admitted the death of H. J. Crocker and they insisted that he died intestate. About all

they admitted was the death of H. J. Crocker and that the heirs were correctly named in the bill and their relationship was as stated in the bill. They insisted that as to a tract of land which was alleged to have been devised by H. J. Crocker, consisting of sixty-three acres and known as the Charlie Adams place, the title of which was vested in H. J. Crocker and his wife, Carrie Crocker, that this sixty-three acres descended to Carrie Crocker upon the death of her husband; that she and her husband held the title of the sixty-three acres as tenants by the entireties.

After complainants' proof was taken they moved to amend their bill by alleging that H. J. Crocker, in his codicil, disposed of his H. B. Adams place instead of the Charlie Adams place; that they had made a mistake in using the words Charlie Adams where they should have used the words H. B. Adams. This amendment was allowed, thereupon the defendants filed an answer denying allegations of the amendment to the bill and for the first time Mrs. Carrie Crocker admitted the destruction of her husband's will but insisted that she burned it at his command. The Chancellor sustained complainants' bill and decreed that the paper writing set forth in the bill, which is a lengthy document covering seventeen pages of the transcript, was the last will and testament of H. J. Crocker; that he duly executed the same on the day that it bears date and later on he duly executed the codicil. He taxed the defendants with the costs, they excepted, prayed and perfected an appeal and have assigned ten errors. These errors raise four propositions.

(1) In decreeing the complainants were entitled to set up the last will and testament of H. J. Crocker, Sr., as set out in the bill and in the decree.

(2) The Chancellor should have held that the will as set up had been revoked.

(3) The Chancellor erred in sustaining the exceptions to defendants' testimony that the testator had ordered his will burned.

(4) The Chancellor erred in not holding in favor of the defendants as to the sixty-three acres known as the C. D. Adams place and in taxing defendants with the costs.

The record in this case is a large one consisting of 365 pages. Twenty witnesses gave their depositions and numerous exhibits have been filed. It is almost conceded that H. J. Crocker made and published his last will. From the date of its execution to the day he executed the codicil he left the will with the cashier of a bank in Trezevant, Tennessee, for safe keeping. On the day he executed the codicil, about a week before he died, he gave the will to his wife, Carrie Crocker, to keep. The will and codicil are proven by the witnesses to the same. The contents of the will are proven by Mr. Ed Smith, a prominent lawyer of Milan, Tennessee, who drafted the

will; by Mr. Arnold, a banker of Trezevant, Tennessee, who made the notes as to how Mr. Crocker wanted to dispose of his property and who furnished the notes and information to Mr. Smith who wrote the will, and by numerous other witnesses.

On Saturday before Mr. Crocker died on Wednesday, he told his two sons, who were named as executors and who are men more than fifty years of age, that he wanted them to carry out his will as it was written. He made this statement to one of his sons in the presence of his daughter, Mrs. Ada Walker.

We find as a fact that H. J. Crocker, Sr., made and published his will as set out in the bill and decree; that he was of sound mind and disposing memory at the time he executed the will and codicil, and that both instruments were properly witnessed and that the testator knew and understood the contents of both the will and the codicil. We are of the further opinion that he never revoked neither one of these instruments. His widow, Carrie Crocker, was dissatisfied with the naming of her two step-sons as executors. She secretly burned the will, a day or two after the codicil was executed. She told a step-son Levi Crocker, a man fifty years of age, a minister of the gospel, the day before her husband died, that she destroyed the will because she was not satisfied with the power or rights her husband had given to his two sons named as executors.

We are of the opinion that the Chancellor was not in error in excluding the testimony complained of. This assignment does not comply with the rules of this court, it is a general assignment, no page of the transcript is cited, no bill of exceptions was preserved as to the testimony excluded. The testimony or statements of Mrs. Carrie Crocker would not be competent against her deceased husband, stated that he asked that the will be burned but if they were competent the burden of proof would be upon her and the other defendants to establish a revocation of the will, this they have not done. She made several statements to witnesses about the time of the death of her husband, that she had burned the will but she did not claim then that her husband had requested her to burn the will but rather she had burned it because he had given too much authority to his two sons, the executors and that is why, in our opinion, she burned the will. Another reason why the Chancellor properly excluded the testimony of Mrs. Carrie Crocker and her witnesses in regard to the burning of the will, the defendants had answered and denied that H. J. Crocker had made a will and they also denied that they had burned his will. It was not insisted in the answer that he had revoked the will. An amended answer was filed many months after the original answer had been filed. No leave of the court had been obtained to file this amended answer and the defendants, in the amended answer, took an inconsistent defense to the original answer, thereupon, the Chancellor properly held that any proof offered in

support of the latter and inconsistent defense should not be considered. As to the claim that the testator did not have the right to devise the sixty-three acre tract, known as the Charlie Adams place, the defendants' rights are not adjudicated as to this tract of land in this proceeding. A testator might devise ten tracts of land, describing them, and if it should appear that he did not own one of the tracts that would not destroy his will, the will would be probated and the devisees would take such title as the testator had.

On the question of the taxation of costs, this matter was within the sound discretion of the Chancellor and we think that he taxed the costs properly. We find no error in the decree of the Chancellor. All the assignments of error are overruled. The decree of the lower court is affirmed. The appellants and their sureties on appeal bond will pay the costs of the cause including the costs of the appeal for which execution will issue.

Heiskell and Senter, JJ., concur.